UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JESSICA WOODARD, | ) |
| | ) |
| Plaintiff, | ) Case: 3:25-cv-01242 |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS JACK LLC d/b/a JACK IN THE BOX, | ) |
| | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Jessica Woodard ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Illinois Jack LLC d/b/a Jack in the Box ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's pregnancy-based discrimination, and retaliation for engaging in a protected activity in violation of Title VII.

2. This action further arises under the Pregnancy Workers Fairness Act, 42 U.S.C. §2000gg *et seq.* as amended, ("PWFA") for pregnancy-based discrimination, a failure to accommodate Plaintiff's pregnancy, and retaliation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Jessica Woodard, resided in Madison County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Illinois Jack LLC d/b/a Jack in the Box is a limited liability company doing business in and for Madison County, Illinois, whose address is 31 Junction Drive, Glen Carbon, Illinois 62034-4300.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

13. Plaintiff was employed by Defendant as a manager from on or about December 12, 2002, until on or about January 4, 2024.

14. Since at least June 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class on the basis of sex, violating Title VII.

15. Plaintiff is female and pregnant and is a member of a protected class pursuant to Title VII.

16. In or around June 2023, Plaintiff was pregnant.

17. Defendant knew of Plaintiff's pregnancy.

18. Plaintiff was still working as a lead when Plaintiff began experiencing significant physical strain due to her pregnancy.

19. Plaintiff was on her feet for approximately six hours per day and developed severe bruising on her legs.

20. Following a consultation with Plaintiff's doctor, Plaintiff was advised to reduce her working hours to 20 hours per week.

21. When Plaintiff informed General Manager Natalee Roberts of her doctor's recommendation, effectively a request for reasonable accommodation for her pregnancy, she became visibly angry and hostile.

22. For example, Natalee turned around and said, "your doctor is a bitch for reducing your hours."

23. Furthermore, Natalee made additional rude comments to Plaintiff, including, "now who am I gonna have to run this shift" implying rudely that Plaintiff's pregnancy and accommodations inconvenienced her.

24. Shortly after, Natalee cut Plaintiff's schedule from 40 hours per week to just three days a week with five-hour shifts- a clear act of retaliation based on Plaintiff's recent request for

accommodations.

25.	Plaintiff's husband, who worked the same shift, also had his schedule cut to only two days per week, which led Plaintiff's family to not earning enough income and ultimately resulted in a housing crisis and additional stress on Plaintiff's pregnancy.

26.	 In or around July 2023, Plaintiff requested a reasonable accommodation in the form of maternity leave.

27.	Plaintiff provided all necessary medical documentation and was approved for maternity leave.

28.	Plaintiff remained on leave for approximately three months.

29.	On or about August 4, 2023, Plaintiff gave birth.

30.	In or around October 2023, Plaintiff began reaching out to GM Natalee Roberts to coordinate her return to work.

31.	Plaintiff sent text messages asking about her schedule, and Natalee replied, "I'll see what I can do, I'll get you on schedule when I can."

32.	However, Natalee never followed up with Plaintiff to coordinate her return to work following her pregnancy leave.

33.	Plaintiff continued to contact Natalee approximately four more times through Facebook and text messages, but she ignored all of Plaintiff's messages.

34.	Plaintiff also reached out to Human Resources, who said they would get back to Plaintiff, but they never did.

35.	Plaintiff waited for two months without receiving any communication from either the GM or HR.

36.	On or about January 4, 2024, Plaintiff made her final attempt to contact the GM

and again received no response.

37. Therefore, following Plaintiff's maternity leave, Defendant did not allow Plaintiff to return to work despite Plaintiff being ready and willing to work.

38. By not allowing Plaintiff to return to work following her maternity leave, Defendant failed to accommodate Plaintiff's pregnancy.

39. It became clear that Plaintiff had been effectively terminated on the basis of her sex/ pregnancy and in retaliation for requesting reasonable accommodation and taking maternity leave.

40. In or around March 2025, Plaintiff applied for a job at a new Jack in the Box location in Illinois.

41. During the application process, Plaintiff learned that she had already been terminated and was entirely blocked from working at any Jack in the Box location in Illinois.

42. When Plaintiff asked for clarification, she was told that Plaintiff had been terminated (no date was provided) and no one could explain why she was terminated.

43. Ultimately, Defendant not only retaliated against Plaintiff for engaging in protected activity by terminating her employment but further prevented Plaintiff from being rehired.

44. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

45. Plaintiff was unlawfully terminated because of her sex (female) and pregnancy on or about January 1, 2024.

46. Plaintiff was retaliated against, and her employment was ultimately terminated for engaging in a protected activity as described above and exercising her protected rights.

47. Plaintiff was targeted for termination because of her sex.

48. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

49. There is a basis for employer liability for the sex-based and pregnancy discrimination and retaliation that Plaintiff was subjected to.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

55. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

56. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

58. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

60. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy.

61. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

62. In response to Plaintiff's disclosure, Defendant terminated her employment.

63. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

64. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's disclosing her pregnancy, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

65. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

66. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
**Violation of the Pregnant Workers Fairness Act**
**(Pregnancy-Based Discrimination)**

65. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's pregnancy and pregnancy-related medical conditions in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.* as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

67. In pertinent part, the PWFA states,

It shall be an unlawful employment practice for a covered entity to—

(4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee… (PWFA, 42 U.S.C. §2000gg-1(4)).

68. Plaintiff met or exceeded performance expectations.

69. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

70. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

71. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

72. Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's pregnancy-related medical conditions.

73. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

75. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy-related medical

conditions in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.* as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

77. Plaintiff has a known limitation in the form of a physical or mental condition related to, affected by, or arising out of pregnancy.

78. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(6)(A-C).

79. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

80. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

81. Defendant did not accommodate Plaintiff's pregnancy.

82. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

84. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

85. Plaintiff is a member of a protected class under the PWFA.

86. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy and requested reasonable accommodations for her pregnancy and related symptoms.

87. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

88. In response to Plaintiff's disclosure, Defendant terminated her employment.

89. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff disclosing her pregnancy and requesting reasonable accommodation, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

90. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

91. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of June 2025.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*